AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of     DELAWARE

UNITED STATES OF AMERICA
V.
NELSON AVILES,
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 08-111-M

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
    ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    ☐ an offense for which the maximum sentence is life imprisonment or death.
    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
    ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by    X clear and convincing evidence    X a preponderance of the evidence that

Based on the affidavit of probable cause, the report of the Probation Office, and other information provided to the Court during the detention hearing, the Court finds clear and convincing evidence that no combination of conditions could reasonably assure the safety of the community between now and the time of the Defendant's trial. The Court further finds that no combination of conditions could reasonably assure that the Defendant would appear for all Court events in this matter.

The Court has reached these conclusions based on the following findings and for the following reasons, as well as those stated from the bench at the conclusion of the detention hearing:

the nature and circumstances of the offense: the Defendant is accused of being a felon in possession of a firearm. Law enforcement observed Defendant driving a car. When the car was stopped, they found a loaded gun under the driver's seat. The other occupant of the vehicle disclaimed any knowledge of the gun. Defendant later gave a statement acknowledging that the gun belonged to him (i.e. to Defendant). The firearm, a Bersa .380 caliber semi-automatic handgun, was not manufactured in Delaware. Defendant has prior felony convictions: Possession with Intent to Deliver Cocaine in 1989 and Trafficking Cocaine in 1992.

the weight of the evidence: is very strong. In addition to law enforcement finding the loaded    gun under the seat in which they had observed Defendant sitting immediately before, Defendant also admitted the recovered gun belonged to him. There is no dispute that the firearm traveled in interstate commerce and that the Defendant was a person prohibited.

the history and characteristics of the Defendant: as already noted, the Defendant has two prior convictions, both for drug distribution. These offenses, however, are relatively old. The only criminal conviction in Defendant's recent past is a May 2007 charge of criminal impersonation and possession or consumption of alcohol in a state park. His record shows that he has used several different names and five different dates of

AO 472 (Rev. 12/03) Order of Detention Pending Trial

birth. He has one criminal failure to appear in 1989 and three recent capiases (2001 and 2007) for failure to appear for child support hearings. Defendant has the benefit of the support of his wife and employer, both of whom attended the detention hearing. Weighing against Defendant, is his heroin use, which he started about three years ago, and which makes it difficult for the Court to be confident he could and would comply with all release conditions and appear for all future proceedings.

the nature and seriousness of the danger to the community that would be posed by the Defendant's release: as a felon in possession of a firearm, who was driving around Wilmington with a loaded gun in his car, who was previously convicted of two drug distribution felonies, and who uses and perhaps abuses heroin, Defendant would pose a danger to the community if released.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

JUNE 27TH, 2008
Date

Signature of Judge
Hon. Leonard P. Stark
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).